# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. KALE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-385-RAW |
| | ) |
| UNITED STATES DRUG | ) |
| ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENATION

The Plaintiff Robert L. Kale asked the Defendant United States Drug Enforcement Administration to produce any records it had on him under the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). The DEA notified Kale there would be some delay in responding to his FOIA request but provided no records. Kale submitted two additional requests under the FOIA (including a request for expedited treatment), neither of which elicited the production of any records, and eventually filed this action seeking to compel the DEA to produce its records on him. The DEA answered, claiming, *inter alia*, that Kale failed to follow various internal regulations, and eventually sought dismissal (or summary judgment in the alternative) for Kale's failure to exhaust his administrative remedies by appealing under the FOIA before filing suit. *See* Docket Nos. 18, 19. The Court granted Kale's request to defer his response until after a settlement conference, *see* Docket Nos. 20, 21, 25, which was conducted by the undersigned Magistrate Judge on February 16, 2010. The parties reached agreement at the settlement conference and the

Court entered judgment dismissing the action in accordance therewith. *See* Docket Nos. 26, 27.

On April 21, 2010, Kale sought to reopen the case to enforce the agreement reached at the settlement conference. The DEA objected, and the Court referred the matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 33. After an unsuccessful attempt to resolve the dispute by mediation, the undersigned Magistrate Judge conducted an evidentiary hearing on June 16, 2010 and took the matter under advisement. *See* Docket Nos. 35, 36.[1] For the reasons set forth below, the undersigned Magistrate Judge now recommends denial of Kale's Petition to Re-Open the Case and to Enforce the Settlement Agreement [Docket No. 28].

The evidence presented at the evidentiary hearing reflects there is no serious dispute about the terms of the settlement agreement. The parties agreed to settle the case essentially by proceeding with Kale's FOIA request. Kale provided the DEA with a certificate of identity and more specifically described the files he was seeking (primarily the investigative files of the Tulsa DEA office). The DEA predicted an initial response within 7 to 10 days and agreed to produce the requested records within 30 to 60 days.

---

[1] As discussed above, the undersigned Magistrate Judge conducted both the initial settlement conference in this case and the informal attempt to resolve the subsequent settlement dispute. The undersigned Magistrate Judge also conducted an unsuccessful settlement conference in a previous case involving the DEA brought by Kale against the United States of America under the Federal Tort Claims Act. *See* Case No. CIV-08-307-RAW, Docket No. 24. The parties were asked at the outset of the evidentiary hearing whether they objected to the undersigned Magistrate Judge's handling of the Court's referral under 28 U.S.C. § 636 in light of this previous involvement, and both indicated there was no objection.

The DEA did not agree to waive any costs applicable under the FOIA, but *did* represent there would be no charge unless the costs were "a lot."

Kale complains that the DEA failed to meet the agreed deadlines, *i. e.*, that he did not receive anything from the DEA within 7 to 10 days, and that he did not receive any records within 30 to 60 days. This is apparently true; while the parties did communicate during this period by telephone and e-mail, the DEA did not actually produce any records until April 27, 2010, which was more than 60 days after the settlement conference and even then only *after* Kale filed his motion to enforce. On the other hand, the DEA has now complied with the essence of the settlement agreement, *i. e.*, the DEA has processed Kale's FOIA request and produced free of charge such records as could be produced without "a lot" of costs. The DEA has also identified records that will involve "a lot" of costs to produce and demanded advance payment under FOIA regulations.

Kale now urges the Court to compel the DEA to produce all of its records on him free of charge. The DEA did not agree to do this at the settlement conference; on the contrary, aside from strictly complying with its own self-imposed deadlines, the DEA has done all it agreed to do at the settlement conference. Further, Kale has an administrative remedy if the DEA fails to meet its obligations under the FOIA, as distinguished from its obligations under the settlement agreement (such as the inappropriate redaction of information from the records or the imposition of costs that have been waived), by appealing to the United States Justice Department's Office of Information and Privacy pursuant to 28 C.F.R. § 16.9. The DEA should therefore not be compelled to do more than it has already done through enforcement of the settlement agreement herein.

The undersigned Magistrate Judge hereby PROPOSES the findings set forth above and accordingly RECOMMENDS that the Court deny Kale's Petition to Re-Open the Case and to Enforce the Settlement Agreement [Docket No. 28]. Any objections to this Report and Recommendation must be filed within fourteen days.

DATED this 18th day of June, 2010.

                                        **STEVEN P. SHREDER**
                                        **UNITED STATES MAGISTRATE JUDGE**