# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. KALE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-385-RAW |
| UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, | ) |
| Defendant. | ) |

## ORDER

Before the court are the objections of the plaintiff to the Report and Recommendation of the United States Magistrate Judge. Plaintiff brought this action pursuant to the Freedom of Information Act, seeking any records relating to him held by the defendant. The parties had a settlement conference before Magistrate Judge Shreder and the case was settled.

On April 21, 2010, the plaintiff filed a motion to reopen the case and enforce settlement agreement. This court referred the motion to Magistrate Judge Shreder, who issued a Report and Recommendation on June 18, 2010. The Magistrate Judge recommended denial of plaintiff's motion.

In his objection, plaintiff appears to recite his central dispute as follows: "Because a full settlement agreement was reached that did not include payment of any costs, the DEA's subsequent attempt to impose fees or costs was not part of the agreed settlement." In the Report and Recommendation, the Magistrate Judge stated: "[t] he DEA did not agree to

waive any costs applicable under the FOIA, but *did* represent there would be no charge unless the costs were 'a lot.'" (Report and Recommendation at 3).

Based on these statements, plaintiff argues "[t]he Magistrate conducted the settlement conference and is a witness in regard to the terms of the settlement conference." Plaintiff requests an evidentiary hearing on that basis. The court disagrees. The court has listened to a recording of the hearing held on June 16, 2010. On the witness stand, plaintiff affirmed that the settlement agreement did not include an agreement that the government would not assess fees.

Plaintiff argues that the government is precluded from charging any copy costs because it did not comply with the statutory time limits in responding to his record requests. He appears to place reliance upon 5 U.S.C. §552(a)(4)(A)(vii), but the court does not read that provision as plaintiff does. In any event, this case was resolved at a settlement conference. At that time, the government agreed to settlement despite its pending motion to dismiss based on the assertion that plaintiff had failed to exhaust administrative remedies. Under the terms of the settlement agreement, there was no waiver of all reproduction costs by the defendant[*].

---

[*]Pursuant to 28 C.F.R. §16.11(c)(2), an agency may charge duplication fees to all requesters, subject to certain limitations. If the requester is not seeking records for a commercial purpose, he is to be provided with the first 100 pages of duplication without charge. *See* 28 C.F.R. §16.11(d)(3).

As the court understands it, the settlement agreement contemplates that plaintiff may administratively appeal if he believes the government is not in compliance with the settlement's agreements terms, now or in regard to some future dispute.

It is the order of the court that the plaintiff's objections (#39) are hereby overruled. The motion of the plaintiff to reopen the case and to enforce the settlement agreement (#28) is hereby DENIED. The settlement agreement reached by the parties remains in full force and effect.

**ORDERED THIS 13th DAY OF AUGUST, 2010.**

**Dated this 13th Day of August 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0